# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD SHELL, | ) |
| | ) |
| Plaintiff, | ) Case No. 15-cv-11040 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| BURLINGTON NORTHERN SANTA FE | ) |
| RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Ronald Shell, brought this action against the defendant, Burlington Northern Santa Fe Railway Company ("BNSF"), alleging that BNSF discriminated against him in violation of the Americans with Disabilities Act ("ADA") and the Illinois Human Rights Act ("IHRA"). BNSF now moves this Court for partial judgment on the pleadings based on Shell's alleged failure to exhaust his administrative remedies with respect to two of his three ADA claims. For the reasons set forth herein, BNSF's motion for partial judgment on the pleadings [29] is granted in part and denied in part.

**Background**

The following facts are taken from the complaint and are accepted as true for the purpose of ruling on the present motion. In 1977, the Santa Fe Railway, a predecessor company to BNSF, hired Shell as a driver in its Corwith yard. Plaintiff was employed by Santa Fe, and subsequently by BNSF, until 2000, when BNSF subcontracted the operation of the yard to Midwest Terminal Service and Rail Terminal Services ("RTS"). Shell was employed by RTS from 2000 until 2010. In 2010, BNSF informed RTS's employees that it would be taking over all operations in the yard in January 2011, and that RTS employees would need to reapply to BNSF in order to retain their jobs. Shell

1

timely submitted an application for the position of Intermodal Equipment Operator, the job he had been performing for the previous thirty-four years.

Following the submission of his application, Shell took a pre-employment aptitude test and a drug test and successfully interviewed for his position (with one interviewer commenting that Shell "could teach them a thing or two about the job."). Shell was extended a conditional offer of employment, premised in pertinent part on his successful completion of a physical examination. Following a physical capabilities test, Shell was informed that he did not meet the minimum physical demands of the essential functions of the Intermodal Equipment Operator. Shell met with BNSF's Director of Medical Support Services, who informed Shell that his BMI indicated that he likely suffered from sleep apnea, and that he would need to undergo a sleep study at his own expense. Shell was subsequently retested, and was informed that he had passed his physical capabilities test. Nonetheless, he was informed that BNSF was requiring him to undergo tests for sleep apnea and that it would require his medical records for the past seven years. BNSF subsequently rescinded its conditional offer of employment on November 9, 2010, stating that Shell was not qualified for his "safety sensitive" position in light of the "significant health and safety risks associated with Class 3 Obesity (Body Mass Index above 40)".

Although not contained in the complaint, this Court takes notice of Shell's EEOC charge of discrimination,[1] which read:

> I.A. ISSUE/BASIS
> FAILURE TO HIRE-NOVEMBER 9, 2010, BASED ON A
> PERCIEVED PHYTSICAL DISABILITY, OBESITY
>  B. PRIMA FACIE ALLEGATIONS
>     1. In July 2010, I applied for an intermodal equipment
>     operator position with Respondent.
>     2. I was qualified to be hired by Respondent.

---

[1] Courts can consider materials outside the pleadings on a Rule 12(c) motion where the document is concededly authentic, is referred to in the complaint, and is central to the plaintiff's claim. *Gillis v. Meisner*, 525 Fed. App'x 506, 508–509 (7th Cir. 2013). Courts can also take judicial notice of public records, including EEOC charges. *Anderson v. Centers for New Horizons, Inc.*, 891 F. Supp. 2d 956, 959 (N.D. Ill. 2012).

2

> 3. I have objective reason to believe that Respondent erroneously perceives me to have a disability within the meaning of the Act.
> 4. On November 9, 2010, Respondent's comprehensive health services department informed me that I was not medically qualified for the safety sensitive intermodal equipment operator position due to significant health and safety risks associated with Class III obesity, because my body mass index was above 40.

(Dkt. 30-2). The EEOC issued Shell a notice of right to sue, and Shell subsequently initiated the present action.

**Legal Standard**

A Rule 12(c) motion for judgment on the pleadings is governed by the same standards as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014). Thus, the Court considers whether the pleadings contain facts that allow the reasonable inference that the non-moving party could prevail in the action. *Id.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). In ruling on a Rule 12(c) motion, the Court considers the pleadings and any written instruments attached to those pleadings, while accepting as true all well-pleaded allegations and drawing all inferences in favor of the non-movant. *See Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007); *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

**Discussion**

It is well established that the scope of an EEOC charge limits the scope of a subsequent federal complaint. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009). Employees who claim to have suffered discrimination pursuant to the ADA must exhaust their administrative remedies by filing an administrative charge claiming disability discrimination prior to bringing a lawsuit. 29 U.S.C. § 794a(a)(1). This gives the employer some warning of the conduct that the employee is aggrieved

by and thereby affords the agency and employer an opportunity to attempt conciliation without having to resort to the courts. *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110–12 (7th Cir. 1992). Thus, while a plaintiff need not allege each and every fact that combines to form the basis of his complaint in his EEOC charge, the charge requires some specificity or detail in order to assert a claim. *Id.* An aggrieved employee may not complain to the EEOC of only certain instances of discrimination and then seek judicial relief for different instances of discrimination. *Id.*

BNSF contends that Shell failed to exhaust Count II of his complaint, which alleges that BNSF violated 42 U.S.C. § 12112(b)(6) based on a disparate impact theory of discrimination. As is pertinent here, 42 U.S.C. § 12112(b)(6) forbids "using qualification standards, employment tests or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with disabilities unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity." 42 U.S.C. § 12112(b)(6). BNSF contends that Shell's EEOC complaint does not allege a disparate impact claim under section 12112(b)(6) because he does not use the term "disparate impact" or allege a specific policy that could be construed as having a disparate impact on applicants for jobs with BNSF. Shell's charge of discrimination alleges what amounts to a disparate treatment claim, that BNSF failed to hire Shell based on a perceived disability. It also alleges, however, that Shell was not hired because BNSF determined that he was not medically qualified for a safety-sensitive position in light of his Class III Obesity. Because Shell's EEOC complaint thus alleges a qualification standard that tends to screen out individuals with a disability, his EEOC complaint was adequate to exhaust his administrative remedies with respect to the alleged violation of section 12112(b)(6). *See Willis v. Chicago Extruded Metals Co.*, 375 F. Supp. 362, 365 (N.D. Ill. 1974) (recognizing that complaints in civil actions may encompass any discrimination like or reasonably related to the allegations of the EEOC charge).

4

BNSF also contends that Shell failed to exhaust Count III of his complaint, which alleges that BNSF violated 42 U.S.C. § 12112(d)(4) by requiring Shell to complete a medical examination.

Section 12112(d)(4) provides, in pertinent part, that:

> A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job-related and consistent with business necessity.

Shell's EEOC charge does not allege that BNSF subjected Shell to an impermissible medical exam or even that Shell was subject to a medical exam at all. Accordingly, Shell's EEOC charge, on its face, would not have been sufficient to give BNSF notice that Shell was challenging having been subject to medical examination. In any event, Shell's response to BNSF's motion does not argue that his EEOC charge was sufficient to exhaust his administrative remedies with respect to Count III, and in fact contains no reference to the alleged Section 12112(d)(4) violation. That argument is accordingly waived. *See Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) (*quoting United States v. Holm*, 326 F.3d 872, 877 (7th Cir. 2003)) (recognizing that it is not the court's obligation to research and construct arguments for counsel and that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived"). This Court therefore need not address BNSF's alternative argument that section 12114(d)(4) applies only to employees and not to potential employees such as Shell.

**Conclusion**

For the foregoing reasons, BNSF's motion for partial judgment on the pleadings is granted with respect to Count III and denied with respect to Count II.

SO ORDERED.

SHARON JOHNSON COLEMAN
United States District Court Judge

DATED: January 27, 2017